

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANE L. STEFFENSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. |
| ) | 1:07-CV-1946 |
| v. ) | |
| ) | |
| SCANA ENERGY MARKETING, ) | REMOVED FROM FULTON |
| INC., ) | COUNTY SUPERIOR COURT |
| ) | CIVIL ACTION FILE NO. |
| Defendants. ) | 2007CV136940 |
| ) | |

### NOTICE OF REMOVAL

Defendant SCANA Energy Marketing, Inc. ("SCANA"), pursuant to 28 U.S.C. §§ 1441 to 1453, files this Notice of Removal of the above-styled case from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully submits the following:

### I.   Introduction

1.   Plaintiff Dane L. Steffenson filed this action against SCANA on or about July 12, 2007, and a copy of the Summons and Complaint was served on SCANA not earlier than July 26, 2007. Plaintiff's Complaint describes this action as one "for actual, statutory and punitive damages and statutory attorney's fees

1

~Doc# 798584.1~Doc# 798584.1~

brought pursuant to the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 et seq.) and breach of contract pursuant to state law." (Complaint ¶ 1.)

2. The time has not yet elapsed within which SCANA is permitted to remove, and therefore this Notice of Removal is filed in a timely manner. *See* 28 U.S.C. § 1446(b).

3. The United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction over this action under 28 U.S.C. § 1331, and this action is removable under 28 U.S.C. § 1441, in that this is a civil action arising under the laws of the United States.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and papers or exhibits filed in the Superior Court of Fulton County, Georgia are appended to this Notice.

5. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embraces the place in which the removed action is pending and because a substantial part of the events giving rise to Plaintiff's claims occurred in this district and division.

6. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel and a copy will be filed promptly with the Court Clerk for the Superior Court of Fulton County, Georgia pursuant to 28 U.S.C. § 1446(d).

A copy of the Notice of Filing of this Notice of Removal to Federal Court is attached hereto.

## II.  Federal Question Jurisdiction Exists

7.  The federal question statute, Section 1331 of Title 28 of the United States Code, provides, in pertinent part, as follows:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

8.  This statutory provision confers jurisdiction to the federal district court over cases *arising* under federal law. *See Newton v. Capital Assur. Co., Inc.,* 245 F.3d 1306 (11th Cir. 2001).

9.  Generally, for a case to *arise* under federal law, the federal question must be apparent on the face of a well-pleaded complaint, and a Plaintiff's cause of action must arise under federal law or, if it is a state law cause of action, its resolution must turn on a substantial question of federal law, and that federal law in turn must create a private cause of action. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 811-12 (1986).

10.  Here, Plaintiff's Complaint alleges, among other things, that SCANA violated the FCRA. In pertinent part, the FCRA imposes civil liability for

negligent or willful violations of the FCRA, including the reporting of information to credit bureaus. *See* 15 U.S.C. §§ 1681 to 1681u.

11. Even if a portion of Plaintiff's claims arise under state law, where, as here, a federal court's subject matter jurisdiction is based upon a federal question, the court possesses the power to exercise pendent jurisdiction over state law claims provided that the state and federal claims derive from a common nucleus of operative facts, such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725 (1966). The grant of pendent jurisdiction is within the sound discretion of the court giving due consideration to the issues of "judicial economy, convenience and fairness to the litigants." *Id.* at 726.

12. The Eleventh Circuit has recognized pendent jurisdiction. *See Giardiello v. Balboa Ins. Co.,* 837 F.2d 1566 (11th Cir. 1988). The same factors that are relevant to the exercise of jurisdiction over pendent parties apply to the exercise of jurisdiction over pendent claims. *Id.; see also* 13B Wright, Miller and Cooper, *Federal Practice and Procedure* § 3567.2 at p. 160 (2d Ed.1984).

13. In connection with the foregoing, the Plaintiff's claims against the Defendant derive from a common nucleus of operative fact which would commonly be examined in one proceeding.

~Doc# 798584.1~

WHEREFORE, the Defendant, SCANA, hereby removes the State Court action pending as case number 2007CV136940 in the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 15th day of August, 2007.

_____
Gregory M. Taube
Georgia Bar No. 699166

Attorney for Defendant
SCANA Energy Marketing, Inc.


NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
999 Peachtree Street, NE / 14th Floor
Atlanta, Georgia  30309-3964
(404) 817-6000
(404) 817-6050 (fax)
Greg.taube@nelsonmullins.com

5

~Doc# 798584.1~

## LR 7.1(D) CERTIFICATION OF FONT SIZE

Counsel for SCANA hereby certifies that this document was prepared in Times New Roman 14 point font.

_____
Gregory M. Taube
Georgia Bar No. 699166

~Doc# 798584.1~Doc# 798584.1~

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☐ Superior
☐ State

**County** Fulton

**Docket #** 2007CV136946

**Date Filed** 07-12-2007
MM-DD-YYYY

**Plaintiff(s)** Dane L. Steffenson

**Defendant(s)** Scana Energy Marketing, Inc

**No. of Plaintiffs** 1

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**  ☐ Pro Se

Koval, Steven H.
Last    First    Middle I.    Suffix

**Bar #** 428905

FILED IN OFFICE
JUL 12 2007
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgment Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☐ Tort (If tort, fill in right column)

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify _____

Are Punitive Damages Pleaded? ☐ Yes ☐ No

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE
JUL 2 2007
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| DANE L. STEFFENSON, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION |
| | * FILE NO. 2007CV136940 |
| SCANA ENERGY MARKETING, INC., | * |
| Defendant. | * |

## COMPLAINT FOR DAMAGES

COMES NOW DANE L. STEFFENSON, Plaintiff, and files this his Complaint for Damages against Scana Energy Marketing, Inc. (hereinafter "Scana"), a South Carolina corporation.

### I. INTRODUCTION

1. This is an action for actual, statutory and punitive damages and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA")(15 USC § 1681 *et seq.*), and breach of contract pursuant to state law.

2. Scana violated the FCRA by failing to conduct a proper investigation of Plaintiff's dispute with Scana regarding charges erroneously billed to Plaintiff and subsequently reported to national credit reporting agencies.

3. Plaintiff informed Scana that he was not liable for the delinquent account appearing on his credit reports.

4. Scana failed to review all relevant information provided to it and failed to direct consumer reporting agencies to delete inaccurate information about Plaintiff from the files maintained by them.

5. Plaintiff further alleges that as a direct and proximate result of Scana's actions, conduct and omissions he suffered actual damage including, but not limited to, damage to

his existing credit accounts, damage to his reputation, annoyance, aggravation, frustration, and legal fees to secure Scana's compliance with the FCRA.

## II. JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 15 U.S.C. Sect. 1681(p) and O.C.G.A. Sect. 9-10-91.

7. Venue arises under O.C.G.A. Sect. 9-10-93 and is proper in that Fulton County is where Plaintiff resides, and is the location in which Plaintiff entered his contract with Defendant Scana.

8. Scana's registered agent is Corporation Process Company.

9. The office of Scana's registered agent is 180 Cherokee St., N.E., Marietta, Georgia. 30060.

10. Scana may be served with legal process upon its registered agent's pursuant to the Georgia Civil Practice Act and O.C.G.A. Sect. 9-10-94.

## III. PARTIES

11. Plaintiff is a natural person residing in Fulton County, Georgia.

12. Plaintiff is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

13. Scana is a South Carolina Corporation.

14. Scana is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 *et seq.*].

## IV. FACTUAL ALLEGATIONS

15. Plaintiff had an account with Scana for natural gas.

16. The account number for said account was 4-3101-1099-4733 (hereinafter "the Account").

17. Scana agreed to terminate its account with Plaintiff.

18. After receiving bills on the Account for which Plaintiff was no longer responsible, Plaintiff contacted Scana to have the matter corrected.

19. Scana failed to correct the matter.

20. In or about August 2006, Scana began reporting the Account as a charge-off to credit bureaus.

22. Scana reported the Account as a charge-off to Equifax.

23. Scana reported the Account as a charge-off to Experian.

24. Scana's reporting of the Account to credit bureaus as a charge-off was inaccurate since Plaintiff was not responsible for the Account and Plaintiff did not owe Scana any money.

25. Plaintiff mailed Scana, Experian, and Equifax a letter by certified and regular mail on or about May 29, 2007, (hereinafter "the Investigation Letter"), asking them to investigate the line item on his credit report showing that he owed Scana the sum of $49.00.

26. A true and correct copy of said letter is attached hereto as Exhibit "A."

27. Scana received the Investigation letter on or about May 31, 2007.

28. In the Investigation Letter, Plaintiff warned:

"This adverse information on my credit report is incorrect and causing me financial harm. It is lowering my credit score and making it difficult for me to obtain credit, as well as increasing my costs for credit. Please delete all references on my credit report immediately so that it will not be necessary for me to file suit.

29. Scana acknowledged receipt of the Investigation Letter in a response letter to Plaintiff dated June 14, 2007 (Scana's Response Letter"), a true and correct copy of which is attached hereto as Exhibit "B."

30. Experian and Equifax informed Scana that Plaintiff disputed the accuracy of the information that Scana provided to them and which the credit bureaus reported.

31. On or about June 23, 2007, Equifax mailed Plaintiff the results of its investigation of Plaintiff's complaint about the Scana line item on his credit report.

32. Said letter stated, in part:

"We have researched the credit account. Account # - 431011099* The results are: Equifax verified that this item belongs to you."

33. Equifax and Experian verified that the Account belonged to Plaintiff based upon incorrect information that Scana provided to Equifax and Experian.

34. Both Equifax and Experian continue to report the Account as a charge-off.

35. The reporting of the Account to credit bureaus is negatively impacting Plaintiff's credit score and ability to obtain credit at favorable rates.

## V. FIRST CLAIM FOR RELIEF – NEGLIGENCE UNDER FCRA

36. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

37. After being informed by Plaintiff and national credit reporting agencies that Plaintiff disputed the accuracy of the information it was providing, Scana negligently failed to conduct a proper investigation of Plaintiff's dispute pertaining to the Account filed with the national consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(b)(A).

38. Scana negligently failed to review all relevant information purportedly provided by such credit reporting agencies to Scana in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

39. Scana negligently failed to direct such consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the Account, as required by 15 U.S.C. § 1681s-2(b)(C).

40. Plaintiff has a private right of action to assert claims against Scana arising under 15 U.S.C. § 1681s-2(b).

41. Scana is liable to the plaintiff for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## VI. SECOND CLAIM FOR RELIEF – WILLFUL MISCONDUCT UNDER FCRA

42. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

43. After being informed by Plaintiff and national credit reporting agencies that Plaintiff disputed the accuracy of the information it was providing, Scana willfully failed to conduct a proper investigation of the plaintiff's dispute, filed with national consumer reporting agencies, that he was not liable for the Account appearing on his credit reports, as required by 15 U.S.C. § 1681s-2(b)(A).

44. Scana willfully failed to review all relevant information purportedly provided by such credit reporting agencies to Scana in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

45. Scana willfully failed to direct such consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the Account as required by 15 U.S.C. § 1681s-2(b)(C).

46. Plaintiff has a private right of action to assert claims against Scana arising under 15 U.S.C. § 1681s-2(b).

47. Scana is liable to Plaintiff for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## VII. THIRD CLAIM – MALICIOUS DEFAMATION UNDER FCRA

48. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

49. Scana maliciously defamed Plaintiff by its knowing publication to third-parties of erroneous information that Plaintiff was obligated on the Account.

50. Scana had actual knowledge of the false and fraudulent nature of such information and published it despite having such knowledge.

51. Scana's actual knowledge of the falsity and reckless disregard for the truth

demonstrates its malice and/or willful intent to injure Plaintiff.

52. As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein.

53. Scana is liable to Plaintiff for the actual damages he has sustained by reason of such conduct.

54. Plaintiff is entitled to an award of punitive damages from Scana in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future.

## VIII. FOURTH CLAIM FOR RELIEF – BREACH OF CONTRACT

55. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

56. Defendant Scana breached its agreement with Plaintiff by failing to terminate the Account, and subsequently billing Plaintiff for charges which were not incurred by him.

**WHEREFORE**, Plaintiff demands judgment against Scana on the claims set forth above, together with the interest, costs, disbursements of this action and such other relief as may be just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION**

Respectfully submitted,

By: *[signature]*
Steven H. Koval
Georgia Bar No. 428905

62B Lenox Pointe, NE
Atlanta, Georgia 30324
(404) 513-6651

Attorney for Plaintiff

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA )
) ss.
COUNTY OF FULTON )

Plaintiff Dane L. Steffenson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7. I have not altered, changed, modified, or fabricated these exhibits.

_____
Dane L. Steffenson

Subscribed and sworn to before me
this 11th day of July, 2007.

_____
Notary Public

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

DANE L. STEFFENSON

**PLAINTIFF**

VS.

SCANA ENERGY MARKETING, INC.

**DEFENDANT**

CIVIL ACTION NUMBER _____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and adrress is:

STEVEN H. KOVAL
62 B LENOX POINTE, NE
ATLANTA, GA 30324

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___12___ day of ___July___, 20_07_

Cathelene Robinson
~~Juanita Hicks~~
**Clerk of Superior Court**

By _____
Deputy Clerk

To Defendant upon whom this petition is served:

This copy of Complaint and Summons was served upon you _____ 20____.

_____ Deputy Sherriff

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANE L. STEFFENSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | **1:07-CV-1946** |
| v. | ) | |
| | ) | |
| SCANA ENERGY MARKETING, | ) | REMOVED FROM FULTON |
| INC., | ) | COUNTY SUPERIOR COURT |
| | ) | CIVIL ACTION FILE NO. |
| Defendants. | ) | 2007CV136940 |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing *Notice of Removal* by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

      Steven H. Koval
      62B Lenox Pointe, NE
      Atlanta, Georgia 30324

This 15th day of August, 2007.

                            _____
                            Gregory M. Taube
                            Georgia Bar No. 699166

7

~Doc# 798584.1~

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
999 Peachtree Street, NE / 14th Floor
Atlanta, GA  30309-3964
(404) 817-6000

8